

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Glenn Capps
County Attorney, Mason County
Mason, Texas

Dear Sir:

Opinion No. O-6585
Re: Legality of and the procedure
to be followed in attaching
the territory of a contiguous
common school district to a
contiguous independent school
district.

We have your letter of recent date in which you request an opinion on the following questions:

"1. Would the County School Trustees of Mason County have authority under the provisions of Article 2742m, 1925, Rev. Civ. St., to attach the territory of a contiguous common school district to a contiguous independent school district, said common school district having fewer than ten resident scholastics within its boundaries and no public school has been conducted in said common school district for a period of five years, without the consent, petition or vote of the resident citizenship of said district and over the protest of the citizenship of said (dead) contiguous common school district?

"1a. In the event of the attaching of the territory of said contiguous common school district to said contiguous independent school district by said county board would the territory and property within said common school district attached be liable in proportion to its assessed value for the outstanding bonded indebtedness of the independent school district to which it is attached without a majority vote of the resident citizenship of said attached common school district and/or the independent district as a whole?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"1b. Would the tax rate for school purposes of
the independent school district apply to the territory
of the attached common school district without a major-
ity vote of the qualified resident citizenship of the
attached territory (present tax rate of independent dis-
trict being $1.00 on one hundred dollar assessed valua-
tion for school purposes and in common school district
attached $.10 (10¢) on the one hundred dollar valuation)?

"1c. Would the valuation of territory and property
within attached common school district be fixed and as-
sessed for school purposes at value fixed and assessed for
county and state taxes, or at valuation as fixed and as-
sessed by independent school district for school tax pur-
poses?

"1d. Would County Board of School Trustees or Trus-
tees of Independent School District have authority to ap-
ply valuations and tax rate of independent school district
to territory of attached common school district?

"2. Would the County Board of School Trustees of
Mason County, finding it necessary for the interest of the
school children, have authority under the provisions of
Art. 2742a or Art. 2741, to detach territory from a contigu-
ous common school district and add the territory so detached
to contiguous independent school district, said common school
district containing 125 square miles or more and having no
bonded indebtedness?

"2a. Would the consent or approval of the majority
of the resident citizenship or the trustees of said common
school district, by petition, vote or otherwise, be neces-
sary before the County Board of School Trustees could legally
detach territory from the common school district and attach
same to independent school district?

"2b. Would territory so detached from common school
district and attached to independent school district be
liable for pre-existing bonded indebtedness of independent
school district without majority vote of citizenship of
territory detached or district as whole as enlarged?

"2c. Would tax rate and valuations for tax purposes of independent school district be legally applicable to detached territory of common school district without consent of majority of citizenship of detached territory by vote, petition or otherwise?

"2d. Would Article 2741 or Article 2742a be applicable, or would or should the procedure as set forth in Article 2741 or 2742a be followed?

"3. Would the County Board of School Trustees under the provisions of Article 2741 and 2742f, have authority, when duly petitioned, by a majority of the resident citizenship and the majority of the trustees of a contiguous common school district to annex the territory of said common school district to a contiguous independent school district?

"3a. When annexed, would the territory of said common school district be liable for pre-existing bonded indebtedness of independent school district to which attached without a vote of majority of annexed district or district voting as a whole?

"3b. Would tax rate and valuations of taxable property for school purpose of independent school district be applicable to annexed common school district without majority vote of citizenship of annexed district or district as a whole?

"4. Where records of the recorded field notes and description of Independent and Common School Districts of County have been lost or destroyed and the County Judge and/or the County Board of School Trustees have been petitioned of desire to order an election to consolidate or annex (six) contiguous common school districts to a central contiguous independent school district in county, and desire to set forth field notes and description of common school district and independent school district in election order and notices, would the Commissioners' Court under terms of Article 2742 be legally authorized to cause to be made new metes and bounds of said school districts, following original boundaries in so far as practicable and can be reasonably ascertained of common school districts and independent school district of the County and approve same as true boundaries of said school districts

in said county and have said field notes and descriptions filed and recorded in proper records of the county.

"4a. Would said field notes so made be valid field notes of the metes and bounds of the school districts within county and could same be legally used when made in election order and election notices in election for consolidation or annexation of contiguous school districts under the provisions of Article 2806 and Article 2922a?"

We shall answer your questions in their numerical order, using the same designation as that contained in your letter.

1. Article 2742m, 1925 Revised Civil Statutes, was passed in 1935 and has been superseded by Article 2742e-1, passed in 1939. This latter act embraces the same subject matter contained in Article 2742m and being the latest expression of the Legislature, is controlling. We advise you to follow the provisions of Article 2742e-1.

1a. The added territory of said contiguous common school district would not be liable in proportion to its assessed values for the outstanding bonded indebtedness of the independent school district until after an election was held in the district as a whole assuming such indebtedness. See Crabb v. Celeste Independent School District, 146 S. W. page 528, et cetera.

1b. The tax rate for school purposes of the independent school district would not apply to the territory of the attached common school district without a majority vote of the qualified resident taxpayers of the district as a whole. In other words, after this common school district territory has been attached to the independent school district, it would be necessary to have an election throughout the district as extended, on the question of voting a uniform tax over the entire district.

1c. If the independent district has its own tax assessor or its own tax assessor and collector, the valuations of property for school purposes could be assessed at a different valuation from that assessed for State and county taxes, but if the taxes are assessed and collected by the County Assessor-Collector, the valuations must be the same as those for State and county purposes. Of course, after the independent district is enlarged by attaching the added territory, an election must be held in the district as enlarged before any tax may be collected on any of the property in the district.

Honorable Glenn Capps, page 5

1d.  In view of answers to your questions 1a and 1b, we answer this question in the negative.  However, if after the territory of the common school district is attached to the independent school district, the trustees of the independent school district would fix the tax rate within the rate authorized by the qualified tax paying voters of the enlarged district at an election held for that purpose, unless the rate voted is a specific rate.

The valuations will be determined in accordance with our answer to 1e, subject to equalization by either the Board of Equalization of the district or the county according to the method of assessing the taxes adopted by the trustees of the independent school district.

2.  The County Board of School Trustees would have authority under Article 2742a to detach territory from a contiguous common school district containing 125 square miles or more which has no bonded indebtedness, if necessary for the interest of the school children, and attach same to a contiguous independent school district, provided that no common school district, when so reduced, shall contain less than nine square miles; provided reasonable notice is given to the public and to the trustees of the districts affected and sufficient opportunity is given for all interested persons to be heard.

2a.  The consent or approval of the majority of the resident citizenship or the trustees of said common school district is not required, but Article 2742a does require that the trustees of the common school district and the independent school district, and the public be given notice of the hearing before the county board, after which hearing, the county may proceed to enter its order.

2b.  The territory so detached from the common school district and attached to independent school district would not be liable for pre-existing bonded indebtedness of the independent school district without majority vote of property taxpayers at an election held to determine whether the enlarged district should assume the outstanding bonds of the independent school district.

2c.  This question is answered by our answer to question 1d.

2d.  The procedure set out in 2742a should be followed.

3. No. Article 2742f does not authorize the county board of school trustees to annex <u>all</u> of a common school district to another district. The proper procedure in such cases would be to have an election in each district to authorize the consolidation of the district, pursuant to the provisions of Article 2806, a later statute than Article 2741.

3a, 3b. In view of our answer to your question 3, it is not necessary to answer these questions.

4. Where the records of the recorded field notes of a common or independent school district has been lost or destroyed, we think the County Board of School Trustees should pass an order re-defining and re-establishing the district, or districts, following the original boundaries insofar as practicable, and when this order has been passed, it should be recorded, together with the field notes, in the proper records of the county.

4a. The answer to this question is yes.

Trusting this satisfactorily answers your questions, we are

APPROVED JUN 25 1945

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _C. F. Gibson_

C. F. Gibson
Assistant

CFG:EP



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN